# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

MAIKEL SANCHEZ GARCIA,

      Movant,

vs.

UNITED STATES OF AMERICA,

      Respondent.

No.  C25-3079-LTS
(Crim. No. CR24-3013-LTS)

**MEMORANDUM
OPINION AND ORDER**

This matter is before me on an appeal (Doc. 22) by the Government from an order (Doc. 10) filed by Chief United States Magistrate Judge Kelly K.E. Mahoney granting movant Maikel Sanchez Garcia's motion (Doc. 5) for discovery from his criminal case. Sanchez Garcia has resisted and the Government has replied.  Docs. 24, 25.  Oral argument is not necessary.  *See* LR 7(c).

## *I.     BACKGROUND*

In 2024, a superseding indictment charged Sanchez Garcia with one count of wire fraud in violation of 18 U.S.C. § 1343 (Count 7) and two counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Counts 20 and 21).[1]  Crim. Doc. 152.  He later pleaded guilty to Counts 7 and 20 of the superseding indictment.  Doc. 3 at 1.

Sanchez Garcia filed a pro se motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, in which he asserted six claims.  *Id*. at 1, 13.  On initial review, I allowed five of his six claims to proceed and appointed counsel for him.  *Id*. at 13.  Pertinent to this motion, claims 2 and 3 allege that his trial counsel was ineffective for failing to argue that the underlying facts did not support a guilty plea on Counts 7 and

---

[1] I have detailed the procedural history of this case in the initial review order (Doc. 3) and will only recount the facts necessary to decide the matter before me.

20, respectively. *Id.* at 7. To evaluate these claims, Sanchez Garcia has moved for discovery and claims good cause exists to allow discovery. Doc. 5 at 1-5.

Judge Mahoney found good cause existed and ordered the Government "to provide Sanchez Garcia's counsel with its discovery file related to Sanchez Garcia upon counsel's written agreement to be bound by the terms of the Stipulated Discovery Order in the underlying case." Doc. 10 at 7-8. The Government now appeals. Doc. 22.

## II.  STANDARD OF REVIEW

28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure Rule 72(a) and Local Rule 72 each provide for review by a district judge of a magistrate judge's order on non-dispositive motions in civil actions. On review under § 636(b) or Rule 72(a), the district judge may modify or set aside any parts of the magistrate judge's order that are "clearly erroneous or contrary to law." *See also Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007) ("A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law.") (citing § 636(b)(1)(A)).

Although the Eighth Circuit Court of Appeals does not appear to have clarified the meaning of "clearly erroneous" in the context of a district court's review of a magistrate judge's order on a non-dispositive matter, the court's formulation of the "clearly erroneous" standard for its own review of a lower court's ruling is as follows: "A district court clearly errs if its findings are not supported by substantial evidence in the record, if the findings are based on an erroneous view of the law, or if we are left with the definite and firm conviction that an error has been made." *Story v. Norwood*, 659 F.3d 680, 685 (8th Cir. 2011) (cleaned up). Like other courts, I read "contrary to law" within the meaning of Rule 72(a) and § 636(b)(1)(A) to mean the failure to apply, or the misapplication of, relevant statutes, case law or rules of procedure. *See Progressive Cas. Ins. Co. v. F.D.I.C.*, 49 F. Supp. 3d 545, 549 (N.D. Iowa 2014) (collecting cases).

2

### III. DISCUSSION

The Government contends that I should vacate the order granting discovery because Judge Mahoney clearly erred in three respects. Doc. 22 at 1. First, "[t]he Order violates the substantive and procedural requirements of *Rule 6 of the Rules Governing Section 2255 Proceedings*." *Id.* Second, "[t]he Order also applies the Stipulated Discovery Order ("SDO") in this § 2255 proceeding even though the plain language of the SDO ends at direct appeal." *Id.* Third, "[t]he Order is clearly erroneous and contrary to law, because in the normal course any discovery request should have been made after this Court were to grant an evidentiary hearing." Doc. 22-1 at 15. I will take these arguments in turn.

#### A. *Rule 6 of the* Rules Governing Section 2255 Proceedings

##### 1. *Rule 6(a) - Substantive Requirements*

Judge Mahoney correctly identified the standard for granting discovery:

> "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Under Rule 6 of the Rules Governing § 2255 Proceedings for the United States District Courts, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." "[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry."

Doc. 10 at 3 (citations omitted). Noting that Sanchez Garcia "claims that a factual basis did not exist for his guilty pleas," Judge Mahoney found good cause existed to allow discovery because she agreed "that review of the discovery available to trial counsel in the criminal case is necessary to determine whether trial counsel was effective and whether Sanchez Garcia was prejudiced." *Id.* at 7.

First, the Government argues that I should deny the discovery request, citing *Honken v. United States*, No. CR01-3047, 2011 WL 4527572 (N.D. Iowa Sept. 28,

3

2011).[2] Doc. 22-1 at 8-9. In *Honken*, the petitioner requested that the court allow him the following discovery:

> [T]he movant desires discovery that pertains to law enforcement personnel who transported witnesses and the security measures that were in place during the movant's trial. He also asks the court to grant him permission to interview certain jailhouse informants that he does not have access to and each of the jurors who took part in his trial.

*Honken*, 2011 WL 4527572, at *1. The court found that the petitioner had failed to show that good cause supported these discovery requests "because he failed to provide specific evidence that the requested discovery would support his claims and only offered generalized statements regarding the possibility that discoverable material may exist." *Id.* at *14. Judge Mahoney followed the legal standards in *Honken* in determining that good cause existed to grant discovery. In doing so, she did not clearly err.

Next, the Government argues that it need not share the discovery file from the criminal case because "the plea hearing transcript and the factual stipulations in his plea agreement are sufficient." Doc. 22-1 at 9-10 (citing *Mesa-Lopez v. United States*, 929 F. 3d 1041, 1044-45). Judge Mahoney summarized *Mesa Lopez* as follows:

> In that case, petitioner was charged with drug conspiracy and money laundering conspiracy. During the plea colloquy, the magistrate judge originally found she could not accept the plea to money laundering conspiracy due to a lack of factual basis, since petitioner denied knowing if the vehicles contained hidden compartments to store drugs and money. After an off-the-record conversation, petitioner admitted that he knew "vehicles . . . had money hidden in them" from drug sales and that "the money was hidden to avoid government detection"; he additionally stated that he did not know the amount of money or precisely where it was hidden in the vehicles, that the money did not belong to him, and that his cousin (rather than him) wanted to avoid the money's detection. The court accepted his plea. Petitioner then brought an ineffective-assistance claim, challenging the factual basis for the money laundering conspiracy charge. He argued "there were insufficient facts to indicate that he knew the money

---

[2] The Government quotes the legal standards identified by the court but does not analogize between *Honken* and the present case. Doc. 22-1 at 8-9.

in the vehicles was hidden for the purpose of concealing its nature as the proceeds of illegal activity." The court denied the ineffective-assistance claim because "[a] reasonable attorney could have determined that the record, including the government's uncontested evidence and [petitioner's] own colloquy with the magistrate judge, establish an adequate factual basis for [petitioner's] guilty plea to the money laundering charge."

Doc. 10 at 5-6 (citations omitted). Judge Mahoney distinguished the instant facts from *Mesa Lopez*, stating: "This case does not help the Government because here, the Government's 'uncontested evidence' at the time of the plea hearing is what Sanchez Garcia seeks in discovery." *Id.* at 6. I agree with this conclusion and find no clear error.

Finally, the Government argues that Sanchez Garcia should not be able to collaterally attack his guilty plea. Doc. 22-1 at 11-12. First, the Government states, "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Id.* at 12 (quoting *United States v. Broce*, 488 U.S. 563, 574 (1989)) (alteration in original). But here, the central question is whether trial counsel was competent. *See* Doc. 5 at 3. Second, the Government argues, "Habeas corpus is not a general form of relief for those who seek to explore their case in search of its existence." Doc. 22-1 at 12 (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Sanchez Garcia correctly distinguishes *Aubut*, noting that it did not involve habeas discovery. Doc. 24 at 8-9; *Aubut*, 431 F.2d at 688-89. Instead, the court declined to appoint counsel in a habeas case in which the petitioner had not identified any constitutional deficiencies in his conviction. *Id.* Ultimately, Judge Mahoney did not commit clear error in determining that good cause existed to grant discovery.

### 2.    *Rule 6(b) - Procedural Requirements*

The Government argues that Judge Mahoney erred because the order did not satisfy the procedural requirements for requesting discovery set forth in Rule 6(b) of the *Rules Governing Section 2255 Proceedings*.  Doc. 22-1 at 7-12.   Rule 6(b) states, "A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." *Rules Governing Section 2255 Proceedings*.

Judge Mahoney did not clearly err in granting Sanchez Garcia access to the Government's discovery file related to him.  Doc. 10 at 7-8.  Sanchez Garcia had provided reasons for his request – "to determine whether trial counsel was effective and whether Sanchez Garcia was prejudiced." *Id.* at 7.  Sanchez Garcia had also specified the requested documents – the Government's discovery file related to him, rather than the entire file. *Id.* at 7-8.  The Government's argument on this issue fails.


### B.    *The Stipulated Discovery Order*

The Government argues that Judge Mahoney erred by applying the Stipulated Discovery Order (SDO) to discovery in the § 2255 context.  Doc. 22-1 at 13.  Paragraph 4 of the SDO states in relevant part:

> Any material or information provided by the Government pursuant to this Order, and any transcription, summary, notes, or dictation thereof (collectively "discovery material") may only be used in connection with the above-captioned federal criminal case now pending against the Defendant and for no other purpose.  Discovery material provided by the Government shall not be disclosed to, or used by, any person, other than the Defendant, Defendant's counsel, or any person retained by or working on behalf of Defendant's counsel, and may not be used or disclosed in any proceeding not part of the pending criminal case.

Crim. Doc. 108 at 2. Paragraph 8 of the SDO then states: "Any discovery material, including copies thereof, provided pursuant to the above provisions, must be returned to

6

the Government or destroyed at the conclusion of the trial, sentencing, or appeal, whichever is later." *Id.* at 4.

Judge Mahoney did not order discovery because of the SDO. She ordered discovery because she found "good cause exist[ed] to allow discovery." Doc. 10 at 7. Judge Mahoney referenced the SDO for only two reasons: to explain why Sanchez Garcia could not obtain the discovery from his trial counsel and to condition Sanchez Garcia's receipt of discovery on his counsel's agreement to be bound by the SDO, ensuring that the discovery was not further disseminated. *Id.* at 3, 7-8. Judge Mahoney did not clearly err by ordering discovery in this case. As such, the Government's argument fails.

### C.      *Whether Discovery is Premature*

The Government contends: "The Order is clearly erroneous and contrary to law, because in the normal course any discovery request should have been made after this Court [decided] to grant an evidentiary hearing." Doc. 22-1 at 15. The Government argues "the Advisory Committee Notes to Rule 6 state, 'requests for discovery in habeas proceedings normally follow the granting of an evidentiary hearing.'" *Id.* (quoting Rule 6 of the *Rules Governing Section 2255 Proceedings* (incorporating 1976 Advisory Committee Notes to the *Rules Governing Section 2254 Cases*)) (emphasis omitted).

Read in whole, this sentence from the 1976 Advisory Committee Notes to Rule 6 of the Rules Governing Section 2254 Cases reads: "While requests for discovery in habeas proceedings normally follow the granting of an evidentiary hearing, there may be instances in which discovery would be appropriate beforehand." The Advisory Notes further state: "Such pre-hearing discovery may show an evidentiary hearing to be unnecessary, as when there are 'no disputed issues of law or fact.'" *Id.* (citation omitted). "Discovery may, in appropriate cases, aid in developing facts necessary to decide whether to order an evidentiary hearing or to grant the writ following an evidentiary hearing . . . ." *Id.* The decision about whether to grant "discovery is left to the discretion

of the court, discretion to be exercised where there is a showing of good cause why discovery should be allowed." *Id.*

Sanchez Garcia contends that he needs discovery now "to respond to the [G]overnment's brief" because "[w]hether there was a basis to object to the plea and whether Mr. Sanchez Garcia was prejudiced are fact-bound determinations." Doc. 24 at 15-16. He argues he "should not be forced to guess at what is in the discovery file in responding to the [G]overnment's brief." *Id.*

Considering Sanchez Garcia's need for discovery to adequately respond to the Government's brief, Judge Mahoney did not clearly err in ordering the Government to provide discovery at this stage. This pre-hearing discovery will also help determine the range of issues if an evidentiary hearing becomes necessary. For these reasons, the Government's appeal is denied.

## IV. CONCLUSION

For the reasons set forth herein, the Government's appeal (Doc. 22) from the order (Doc. 10) granting petitioner Maikel Sanchez Garcia's motion (Doc. 5) for discovery is **denied**.

**IT IS SO ORDERED** this 28th day of July, 2026.

_____
Leonard T. Strand
United States District Judge